IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRAVIS RANDALL REVES                                                                        PLAINTIFF

v.                                             Civil No.: 4:18-CV-04168

SHERIFF ROBERT GENTRY, JAIL                                                              DEFENDANTS
ADMINISTRATOR CHRIS WOLCOTT,
JAILER ISAAC ALVERDO, JAILER
MEGAN LINDSEY, COUNTY JUDGE G.
RAY, CIRCUIT JUDGE TOM COOPER,
PUBLIC DEFENDER SHORTY BARRETT,
PUBLIC DEFENDER MICKY BUCHANEN,
DEPUTY COOKE, SEVIER COUNTY
DETENTION CENTER and SEVIER
COUNTY QUORUM COURT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on December 28, 2018. (ECF No. 1). Plaintiff is a pretrial detainee and is currently incarcerated in the Sevier County Jail. (*Id*. at 2). He alleges his constitutional rights were violated by a denial of access to the courts, by the loss of personal

property, and by unsanitary living conditions in the jail. (*Id*. at 6-9). Specifically, he alleges he was denied access to the courts for his pending criminal case through inadequate assistance of counsel from his court-appointed public defender and the lack of a law library in the jail. He also alleges he was arrested on August 6, 2018, and held for eight weeks before being formally charged.[1] (*Id*. at 4-7). Finally, he states he has not received a Motion for Discovery. (*Id*. at 4). Plaintiff names Defendants Gentry, Wolcott, Barrett, Buchanen, Ray, and the Sevier County Quorum Court in this claim. (*Id*. at 6).

Plaintiff alleges his personal property was incorrectly given to his girlfriend when she was released from the jail. This property included his wallet, cash, gift cards, an EBT card, his Social Security card, food stamps, and the title to his pickup truck. As a result, he has lost this personal property. (*Id*. at 7). Plaintiff names Defendants Lindsey, Alverdo, Wolcott, Gentry, and the Sevier County Detention Center in this claim. (*Id*.).

Finally, he alleges he was placed in an isolation cell which contained blood and feces on the walls, bed, and floor, which exposed him to disease. (*Id*. at 8). He alleges he was told to clean the cell but was not given cleaning materials or gloves. (*Id*. at 5). Plaintiff names Defendants Cooke, Gentry, Wolcott, Alverdo, and Lindsey in this claim.

Plaintiff proceeds against all Defendants in their personal and official capacity. (*Id*. at 6-8). Plaintiff seeks compensatory and punitive damages. He also seeks access to a law library on a reasonable daily schedule, the return of his property, and the appointment of a lawyer who will represent him. (*Id*. at 9).

---

[1] Based on Plaintiff's Sevier County Circuit Court docket for case number 67CR-18-226, Plaintiff's first court appearance for his current charges was held on August 9, 2018, at which time he was appointed a public defender. A probable cause hearing was held on September 27, 2018. Arkansas Court Connect, https://caseinfo.arcourts.gov/cconnect (last accessed Feb. 28, 2019).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

### A.  Circuit Judge Tom Cooper

Judge Cooper is immune from suit.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").  Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also*

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

It is clear from the allegations of the Complaint that neither situation applies here. Accordingly, Judge Cooper is immune from suit.

### B. Public Defenders Shorty Barrett and Micky Buchanan

Plaintiff's claim of inadequate legal assistance against these Public Defenders is subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983). Plaintiff's claims against Defendants Barrett and Buchanan should be dismissed.

### C. Sevier County Detention Center

The Sevier County Detention Center is not a person subject to suit. *See e.g., Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and

4

sheriff's departments are not usually considered legal entities subject to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a legal entity subject to suit under § 1983). Plaintiff's claims against the Detention Center should be dismissed.

### D. Denial of Access-to-Courts - Defendants Gentry, Wolcott, Ray, and the Sevier County Quorum Court

Plaintiff failed to state a cognizable access-to-courts claim based on inadequate assistance of counsel from his court-appointed public defender and the lack of a law library in the jail. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of

meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

Plaintiff has been provided with a public defender and has failed to allege any actual injury or prejudice to his pending criminal case. He was also able to file this Complaint with the Court. He therefore failed to state a cognizable denial of access-to-courts claim. This claim should be dismissed.

### E.  Personal Property Loss - Defendants Lindsey, Alverdo, Wolcott

Plaintiff failed to state a cognizable claim under § 1983 for his alleged personal property loss. Even if the deprivation of his property was intentional, Plaintiff has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst,* 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts for his claim of lost property, he has no claim pursuant to § 1983 in this regard.

### F.  Unsanitary Living Conditions - Defendants Cooke, Gentry, Wolcott, Alverdo, and Lindsey

Plaintiff failed to state a cognizable conditions of confinement claim based on his alleged exposure to blood and feces in the isolation cell. "[W]hen the State takes a person into its custody

6

and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Because a § 1983 action is a type

of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)).

Here, Plaintiff failed to allege that he suffered any injury resulting from the conditions in the isolation cell. Although he alleges he was exposed to disease due to the presence of feces and blood in the cell, he does not allege that he actually contracted any diseases as a result of the exposure. Accordingly, Plaintiff failed to state a cognizable claim regarding the jail conditions in the isolation cell.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's case be DISMISSED WITHOUT PREJUDICE. I further recommend that the dismissal of this case constitute a strike pursuant to 28 U.S.C. 28 U.S.C. § 1915(g) and the Clerk be DIRECTED to place a § 1915 strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of March 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE