IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRAVIS RANDALL REVES                                            PLAINTIFF

v.                                Case No. 4:18-cv-4168

SHERIFF ROBERT GENTRY, et al.                                  DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed March 7, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). Judge Bryant conducted a preservice screening pursuant to 28 U.S.C. § 1915A and now recommends that the Court dismiss Plaintiff Travis Randall Reves' complaint without prejudice and place a section 1915 strike flag on this case. Plaintiff has objected. (ECF No. 9). The Court finds the matter ripe for consideration.

## **I. BACKGROUND**

On December 28, 2018, Plaintiff filed this case pursuant to 42 U.S.C. § 1983. Plaintiff asserts the following claims against various defendants: inadequate legal assistance, denial of access to the courts, deprivation of property, and inadequate conditions of confinement. On March 7, 2019, Judge Bryant issued the instant Report and Recommendation, finding that Plaintiff fails to state a claim upon which relief may be granted and recommending dismissal of this case, along with the imposition of a section 1915 strike flag. Specifically, Judge Bryant found that Plaintiff's claim against Defendant Judge Cooper fails due to the doctrine of judicial immunity. Judge Bryant found further that Plaintiff's claim against Defendants Barrett and Buchanan fails because, as public defenders, they do not act under color of state law when performing a lawyer's traditional functions. Judge Bryant also found that Plaintiff's claims against the Sevier County

Detention Center fail because it is not a person subject to suit. Judge Bryant also found that Plaintiff's denial of access to the courts claims fail because Plaintiff was assigned a public defender and because he failed to allege any injury suffered because of any alleged deprivation of a law library. Judge Bryant also found that Plaintiff's claim of deprivation of property fails because Plaintiff may pursue adequate post-deprivation remedies in Arkansas state court. Judge Bryant found further that Plaintiff's Eighth Amendment conditions of confinement claim fails because he failed to allege any injury suffered due to the alleged conditions. Finally, Judge Bryant recommends that the Court direct the Clerk of Court to place a section 1915 strike flag on this case.

On March 20, 2019, Plaintiff filed objections to the Report and Recommendation. Plaintiff's objections are unresponsive to the Report and Recommendation. He states that he believed that he would be assigned an attorney in this case. He also states that the alleged conditions that form the basis of this suit have not changed.

## II. DISCUSSION

Upon *de novo* review of the Report and Recommendation, and for the reasons that follow, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Plaintiff does not dispute Judge Bryant's statements of law, findings, or recommendations. Rather, Plaintiff argues that he is ignorant of the law and requires appointment of counsel. Although Plaintiff indicates in his complaint and in his objections to the instant Report and Recommendation that he would like appointed counsel, he has not filed a motion for appointment of counsel in this case. However, to the extent that Plaintiff's statements can be construed as a valid motion for appointment of counsel, the Court will decide the motion below.

A civil litigant, like Plaintiff in this case, does not have a constitutional or statutory right to appointed counsel, but the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). This determination is to be made after the civil litigant shows that he has alleged a valid *prima facie* claim. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). The standard for determining the necessity of appointed counsel is whether both the indigent litigant and the court would benefit from the assistance of counsel. *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986). To that end, courts consider various factors, including the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues. *Id.* A court determining a civil litigant's motion for appointment of counsel should also satisfy itself that the litigant attempted to retain counsel but was unsuccessful. *Nelson*, 728 F.2d at 1005.

At the onset, the Court notes that Judge Bryant found in the instant Report and Recommendation that Plaintiff failed to state a claim upon which relief can be granted, and Plaintiff has not objected to this finding. The determination of whether counsel should be appointed should be made only after a *pro se* plaintiff shows that he has alleged a valid *prima facie* claim pursuant to 28 U.S.C. § 1915(d). *Nelson*, 728 F.2d at 1005. Plaintiff did not object to Judge Bryant's finding that his claims fail pursuant to section 1915(d), nor has he otherwise argued that he has alleged a valid *prima facie* claim. Thus, for the reasons stated by Judge Bryant in the instant Report and Recommendation, the Court finds that Plaintiff has failed to satisfy the threshold requirement of showing that he has alleged a valid *prima facie* claim.[1] Therefore, the Court finds that appointment of counsel is not proper in this instance. *See Nelson*, 728 F.2d at 1005 (stating

---

[1] Moreover, Plaintiff has not moved to amend his complaint to correct the deficiencies noted by Judge Bryant's Report and Recommendation.

that courts should determine appointment of counsel "[o]nce the court is satisfied that plaintiff has alleged a valid prima facie claim").

Even if Plaintiff had shown that he alleged a valid *prima facie* claim, the Court finds that appointment of counsel is still not warranted. Plaintiff has not argued or shown that the factual and legal issues presented here are so complex that he cannot represent himself in this matter. Plaintiff has also failed to argue or otherwise show that he has diligently attempted to retain counsel. The Court also finds that Plaintiff is presently capable of prosecuting his claims without appointed counsel. Thus, the Court finds that neither Plaintiff nor the Court would benefit from appointment of counsel at this time.

Plaintiff's other objection to the instant Report and Recommendation is that the alleged conditions that gave rise to this suit have not changed. However, the Court finds this argument to be unresponsive to the Report and Recommendation and, thus, is insufficient to cause the Court to depart from Judge Bryant's findings and recommendations. Plaintiff presents no other objections to the instant Report and Recommendation. Thus, the Court agrees with Judge Bryant's finding that Plaintiff's claim against Judge Cooper fails because it seeks monetary relief from a defendant who is immune from such relief or, alternatively, that the claim should be dismissed as frivolous. *See Bell v. Scherrey*, No. 2:13-cv-2201, 2013 WL 5175919, at \*1-2 (W.D. Ark. Sept. 13, 2013) (dismissing 42 U.S.C. § 1983 claims against a judge based on judicial immunity or, alternatively, as frivolous, and determining that the dismissal constitutes a "strike" under 28 U.S.C. 1915(g)). The Court also agrees with Judge Bryant that Plaintiff's other claims are either frivolous or fail to state a cognizable claim upon which relief may be granted. Therefore, the Court finds that the instant Report and Recommendation should be adopted and that Plaintiff's complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. The

Court further finds that this dismissal will constitute a "strike" under 28 U.S.C. § 1915(g).  *See*

*Orr v. Clements*, 688 F.3d 463, 465-66 (8th Cir. 2012) (holding that dismissal without prejudice

of a section 1983 case as frivolous or for failure to state a claim constitutes a section 1915(g)

"strike").

### III.  CONCLUSION

Upon *de novo* review of the Report and Recommendation and for the foregoing reasons,

the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation *in*

*toto*.  (ECF No. 8).  Plaintiff's case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant

to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.  The dismissal of this action constitutes a

"strike" under 28 U.S.C. § 1915(g) because Plaintiff's complaint is being dismissed as frivolous

and/or for failure to state a claim upon which relief may be granted.  Therefore, the Clerk of Court

is **DIRECTED** to place a section 1915 strike flag on this case.

**IT IS SO ORDERED**, this 22nd day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge